**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| Metrom Rail, LLC<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Massachusetts Bay Transportation Authority and Piper Networks, Inc.<br><br>　　　　　　　　　Defendant. | Case No. 1:25-cv-11446-ADB<br><br>**ORAL ARGUMENT REQUESTED** |

**[PROPOSED] ORDER GRANTING PLAINTIFF METROM RAIL LLC'S MOTION FOR PRELIMINARY INJUNCTION**

This matter comes before the Court upon consideration of Plaintiff Metrom Rail, LLC's ("Metrom" or the "Plaintiff") Motion for Preliminary Injunction ("Motion") pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Based upon the Complaint, the Motion for Preliminary Injunction, the Memorandum of Law in Support of Plaintiff Metrom Rail, LLC's Motion for Preliminary Injunction, and all of the records, files, and proceedings, and good cause appearing therefore, the Court enters the following Order:

**<u>Findings</u>**

1.　　All conditions precedent to the entry of this relief having been satisfied, valid grounds for a Preliminary Injunction have been established.

2. Pursuant to 35 U.S.C. § 283, Metrom has a reasonable likelihood of success on the merits of its claims that Defendants, Piper Networks, Inc. ("Piper") and Massachusetts Bay Transportation Authority (the "MBTA") are infringing at least claim 1 of Metrom's duly-issued U.S. Patent No. 9,731,738 (the "'738 patent") and at least claim 17 of Metrom's duly-issued U.S. Patent No. 9,053,131 (the "'131 patent") in violation of 35 U.S.C. § 271.

3. Absent the relief provided herein, Metrom will continue to suffer irreparable harm and injury, for which it has no adequate remedy at law. Upon consideration of the balance of the harms including the harm Defendants may suffer if injunctive relief is granted, the public interest, and all of the legally required considerations, the Court determines that this Order should be entered, and this equitable relief should be granted.

## Order

It is hereby ORDERED and ADJUDGED, that:

1. Metrom's Motion for Preliminary Injunction is GRANTED;

2. Defendant Piper and its agents, officers, employees, and anyone acting on its behalf is prohibited from advertising, making, using, selling, or offering to sell designs substantially similar to, and/or not more than colorably different from its Green Line Train Protection System for Defendant MBTA with respect to those elements likely to satisfy the limitations of at least claim 1 of the '738 patent and

claim 17 of the '131 patent, including using the Green Line Train Protection System as a reference design to seek future contracts.

3. Subject to further order of the Court, Defendant Piper may complete work within the original scope of MBTA RFP No. 80F-24, dated June 7, 2024, but must withdraw from any other bidding for any other projects that are the same as, based on, not more than colorably different from, and/or substantially the same as the Green Line Train Protection System.

4. Metrom will post a bond or other security in an amount the Court considers proper, but in any event no less than _____.[1]

5. Defendant Piper shall certify to the court every three months that it is in compliance with this Order.

This Order shall be binding upon the Defendants and all persons and/or entities who act in concert or participate with them who receive actual notice of this Order.

---

[1] Metrom proposes a relatively low bond amount for this case based on the disparate financial conditions of the parties. *See* Hallerud Decl., Ex. C, Marchi Decl. ¶31; *see also Axia NetMedia Corp. v. Mass. Tech. Park Corp.*, 889 F.3d 1, 11-12 (1st Cir. 2018) (citations omitted) (explaining that a district court has "wide discretion" that it is "within the district court's discretion to require a bond for less than the upper bound of what the enjoined party could, in theory, expend."); *WEX Inc. v. HP Inc.*, No. 2:24-cv-00121, 2024 WL 3358651, at *35-36 (D. Me. July 9, 2024) (requiring a significantly smaller plaintiff pay the smallest measure of bond).

The above Order shall continue to be effective until the resolution of this case or such time as this Court issues a subsequent order revising or ending the above Order.

It is SO ORDERED.

                                                                        Hon. Allison D. Burroughs
United States District Judge