UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Metrom Rail, LLC<br><br>       Plaintiff,<br><br>v.<br><br>Massachusetts Bay Transportation Authority and Piper Networks, Inc.<br><br>       Defendants. | Case No. 1:25-cv-11446-ADB |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Pursuant to Fed. R. Evid. 201(b) and supporting case law, Defendants Piper Networks, Inc. ("Piper") and Massachusetts Bay Transportation Authority ("MBTA") (collectively, "Defendants") respectfully request that the Court take judicial notice of **Exhibit A** to the Declaration of Nicole S. Cunningham in Support of Defendants' Motions to Dismiss the Complaint ("Cunningham Declaration") [ECF #37], which is a June 18, 2024 Final Written Decision issued by the Patent Trial and Appeal Board ("PTAB") in IPR2023-00468 regarding U.S. Patent No. 9,043,131 (the "'131 Patent").

When reviewing a motion to dismiss for failure to state a claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). For the reasons set forth below, the Court may properly consider Exhibit A to the Cunningham Declaration, which is a document from the *inter partes review* of the '131 Patent, when evaluating Defendants' Motions to Dismiss because it is a publicly available court or agency document that is "not subject to reasonable dispute." Fed. R. Evid. 201(b).

Courts may take judicial notice of facts that are "not subject to reasonable dispute," such as those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Fed. R. Evid. 201(d) provides that "[t]he court may take judicial notice at any stage of the proceeding." Under Fed. R. Evid. 201(c)(2), a court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Prosecution histories, including proceedings before the PTAB such as *inter partes review*, are part of the intrinsic record of the patent and thus subject to judicial notice. *See, e.g., Grecia*

*Estate Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 915 (W.D.T.X. 2022) ("Thus, this Court can—and does—take judicial notice[] of Grecia's PTAB communications during IPR to evaluate whether Grecia adequately pleaded infringement."); *see also Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 898 n.3 (Fed. Cir. 2019) ("The prosecution history is part of the intrinsic record of the patent" and "thus subject to judicial notice[] and may be considered in our de novo review of the district court['s]" ruling on a motion to dismiss); *Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1362 n.3 (Fed. Cir. 2017) ("The prosecution history also includes proceedings before the Patent Trial and Appeal Board (the 'PTAB'), such as *inter partes review*.").

Further, such documents are records that the United States Patent Trial and Appeal Board makes publicly available and can be accessed online and free of charge. All papers relating to an issued patent "are open to inspection by the public." 37 C.F.R. § 1.11(a). Accordingly, it is well established that Patent Office records, including PTAB records, are properly the subjects of judicial notice. *See, e.g.*, *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990) (taking judicial notice of first office action under Fed. R. Evid. 201(b)(2)); *Anderson v. Kimberly-Clark Corp.*, 570 Fed. App'x 927, 932 n.3 (Fed. Cir. 2014) ("It is also well-established that a court may take judicial notice of patents or patent applications."); *Skyhook Wireless, Inc. v. Google, Inc.*, 159 F. Supp. 3d 144, 171 n.26 (D. Mass. 2015) ("Because the prosecution history is a public record that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, I take judicial notice of it.") (internal citations and quotations omitted); *Grecia Estate Holdings*, 605 F. Supp. At 915.

In accordance with the above authorities, Defendants respectfully request that the Court take judicial notice of the document attached as Exhibit A to the Cunningham Declaration.

                        Respectfully submitted,

Dated: July 23, 2025

*/s/ Andrea L. Martin*
TROUTMAN PEPPER LOCKE LLP
Andrea L. Martin (BBO #666117)
Andrea.Martin@troutman.com
111 Huntington Avenue
Boston, MA 02199
(617) 239-0113
(617) 227-4420 (fax)

WISNIA PC
Howard N. Wisnia (*Admitted pro hac vice*)
12636 High Bluff Dr., Suite 400
San Diego, CA 92130
Telephone: (858) 461-0989
Howard@wisnialaw.com

DORITY & MANNING, P.A.
Nicole S. Cunningham (*Admitted pro hac vice*)
2869 Historic Decatur Road
San Diego, CA 92106
Telephone: (864) 271-1592
ncunningham@dority-manning.com

Steven Moore (*Admitted pro hac vice*)
2869 Historic Decatur Road
San Diego, CA 92106
Telephone: (800) 815-6705
smoore@dority-manning.com

*Counsel for Piper Networks, Inc.*

LAREDO, SMITH & KANE, LLP
Payal Salsburg (BBO 568812)
101 Federal Street, Suite 650
Boston, MA 02110
salsburg@laredosmith.com
(617) 443-1100
(617) 443-1174 (fax)

*Counsel for Massachusetts Bay Transportation Authority*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, July 23, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Andrea L. Martin*
Andrea L. Martin