UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Metrom Rail, LLC<br><br>         Plaintiff,<br><br>v.<br><br>Massachusetts Bay Transportation Authority and Piper Networks, Inc.<br><br>         Defendants. | Case No. 1:25-cv-11446-ADB |

**DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION TO DISMISS THE COMPLAINT</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Massachusetts Bay Transportation Authority (the "MBTA") respectfully requests that the Court dismiss the Complaint filed by Plaintiff Metrom Rail, LLC ("Metrom")'s against the MBTA and Piper Networks, Inc. ("Piper") (collectively, "Defendants").

**I. INTRODUCTION**

The Complaint alleges that the MBTA purportedly directly infringes U.S. Patent No. 9,043,131 (the "'131 Patent") and U.S. Patent No. 9,731,738 (the "'738 Patent") (collectively, the "Asserted Patents") "by its use of the Piper GLTPS System." *See* Dkt. 2 (Complaint) at ¶¶ 76, 89. Yet Metrom fails to plead any facts that plausibly allege that the MBTA practices each limitation of any asserted claim of either Asserted Patent. Metrom instead effectively admits that it does not have a sufficient factual basis to plausibly allege infringement by relying on unsupported allegations that it "believes, or believes it will likely have evidentiary support after a reasonably opportunity for discovery" that the accused Piper GLTPS purportedly meets *nearly every single*

*limitation* of the Asserted Patents' claims. *See id.* at 19-25 (claim chart for '738 Patent) and 28-31 (claim chart for '131 Patent). Such allegations fail to plausibly allege infringement and alone provide sufficient basis to dismiss Metrom's claims.

Metrom, however, fails to state a claim in another regard. With respect to the only limitation where Metrom does not make the speculative, deficient allegations discussed above, Metrom fails to make any allegation at all. *Id.* at 23 (failing to include any allegation that the Piper GLTPS purportedly meets the limitation of claim 1 of the '738 Patent requiring it to "observe operation of the vehicle to evaluate compliance with the rule"). Moreover, Metrom cannot and does not sufficiently allege infringement of claim 17 of the '131 Patent for the additional reason that it fails to make any factual allegation (let alone one meeting the plausibility standard) that the Piper GLTPS has "a first wireless communications antenna" that transmits the actual calculated separation distance, which the PTAB explicitly found the claim requires. *See* Declaration of Nicole S. Cunningham ("Cunningham Decl.") (Dkt. 37) at ¶ 2, Ex. A (Final Written Decision in *Inter Partes Review* of '131 Patent); *see also* Request for Judicial Notice ("Request") (Dkt. 39) These empty allegations are fatal to Metrom's patent infringement claims.

For at least these reasons, Metrom's allegations are deficient and its Complaint should be dismissed in its entirety.

**II.     BACKGROUND**

On May 21, 2025, Metrom filed its Complaint alleging two counts for patent infringement against the MBTA and Piper. Dkt. 2. Metrom's Complaint alleges that the MBTA purportedly infringes the Asserted Patents "by its use of the Piper GLTPS System." Dkt. 2 at ¶¶ 76, 89.

**A.    Metrom's Deficient Allegations Regarding the '738 Patent**

Count I asserts infringement of the '738 Patent. Asserted claim 1 of the '738 Patent recites a "system for evaluating vehicle operation compliance." Dkt. 2-3 ('738 Patent) at 33:13. The

1

claimed system includes a control signal interface subsystem and a vehicle-mounted subsystem. *Id.* at 33:15-37. Metrom ambiguously alleges that "[w]here implemented on the MBTA Green Line, the Piper GLTPS *will* infringe at least one claim of the '738 patent, either literally or by equivalence, either alone or as installed in the MBTA system." Dkt. 2 at ¶ 74 (emphasis added). Metrom's claim chart that follows Paragraph 74 of the Complaint alleges that the Piper GLTPS will infringe, relying almost entirely on statements such as "Metrom believes, or believes it will likely have evidentiary support after a reasonable opportunity for discovery" that the Piper GLTPS will meet each particular limitation. *Id.* at 19-25 (relying on mere belief that discovery will "likely" show the Piper GLTPS meets the claim eight times in a single claim chart). And as deficient as this bare allegation is, Metrom fails to even muster it when arguing that the vehicle-mounted subsystem "observe operation of the vehicle to evaluation compliance with the rule" requirement is somehow met. *Id.* at 23. Overall, the Complaint alleges no facts to plausibly assert infringement of this limitation by the accused Piper GLTPS. *Id.* at 23.

    **B.**  **Metrom's Deficient Allegations Regarding the '131 Patent**

    Count II asserts infringement of the '131 Patent. The '131 Patent is generally directed to train collision avoidance systems. In particular, asserted claim 17 of the '131 Patent recites a "rail vehicle module mountable on a first rail vehicle" that has a transponder sensor module. Dkt. 2-2 ('131 Patent) at 32:45-47. The claimed transponder sensor module has a radio communication unit operable to employ time of flight techniques to detect a separation distance between a first and second rail vehicle, a first wireless communications antenna operable to send and receive data representing the separation distance over the air, a global positioning system unit a control electronics module in communication with the transponder sensor module, and a user interface for an operator. *Id.* at 32:47-67. Metrom's Complaint admits that Metrom has no current information

to support infringement of the claim 17, but instead for each of the limitations above asserts only that "[w]here implemented on the MBTA Green Line, Metrom believes, or believes it will likely have evidentiary support after a reasonable opportunity for discovery, that the Piper GLTPS will infringe at least one Confirmed Claim of the '131 patent, either literally or by equivalence, either alone or as installed in the MBTA system." Dkt. 2 at ¶ 87. Similarly, Metrom's claim chart that follows this paragraph admits that it has no information to support infringement of *any* of the limitations of asserted claim 17, instead repeatedly asserting as to *each and every* limitation "it will likely have evidentiary support after a reasonable opportunity for discovery" that the limitations are met. *Id*. at 28-31.

### C. PTAB Expressly Requires Transmission of Separation Distance Between Cars to Infringe '131 Patent

On June 18, 2024, the PTAB issued a Final Written Decision, of which this Court may take judicial notice, finding all claims of the '131 Patent unpatentable except claims 17-20. *See* Cunningham Decl. at ¶ 2, Ex. A (Final Written Decision); *see also* Request. The PTAB allowed those claims to survive based on an explicit finding that the claims require that the separation distance between the two rail cars be transmitted by the first wireless communications antenna to the other car, as opposed to, for example, a controller on the receiving end determining the separation distance. Cunningham Decl. at ¶ 2, Ex. A at 63-64.

### III. LEGAL STANDARD

A complaint cannot survive a motion to dismiss unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 545. "Factual

3

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. Boilerplate language is insufficient under the Supreme Court's plausibility standard. *Id.* A court should dismiss a case when the factual allegations "have not nudged their claims across the line from conceivable to plausible." *Id*.

Prosecution histories, including proceedings before the PTAB such as *inter partes review*, are part of the intrinsic record of the patent and thus subject to judicial notice. *See, e.g., Grecia Estate Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 915 (W.D.T.X. 2022) ("Thus, this Court can—and does—take judicial notice[] of Grecia's PTAB communications during IPR to evaluate whether Grecia adequately pleaded infringement."); *see also Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 898 n.3 (Fed. Cir. 2019) ("The prosecution history is part of the intrinsic record of the patent" and "thus subject to judicial notice[] and may be considered in our de novo review of the district court['s]" ruling on a motion to dismiss); *Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1362 n.3 (Fed. Cir. 2017) ("The prosecution history also includes proceedings before the Patent Trial and Appeal Board (the 'PTAB'), such as *inter partes review*.").

### IV. METROM'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO PLEAD A PLAUSIBLE CLAIM FOR INFRINGEMENT[1]

Metrom's Complaint fails to allege a plausible infringement claim. Stating a viable claim for infringement requires Plaintiff to plead facts that plausibly suggest that an accused product meets each limitation of an asserted claim. *Washington v. Caterpillar Inc.*, 2025 U.S. Dist. LEXIS 44653 at *4 (W.D.T.X. Mar. 3, 2025) (citing *Profectus Tech. LLC v. Huawei Techs. Co.*, 823 F.3d 1375, 1382 (Fed. Cir. 2016) (stating that the infringement inquiry asks if an accused device

---

[1] This Section is substantially identical to Section V of Defendant Piper's Motion to Dismiss, concurrently filed herewith.

contains every claim limitation or its equivalent)). Metrom falls well short of this standard, and fails to plead facts to plausibly suggest that the accused Piper GLTPS system practices *any of the claim limitations* of any of the asserted claims, let alone how it purportedly meets *each limitation* of the asserted claims.

### A. Metrom's Count I (Alleged Infringement of '738 Patent) Should Be Dismissed

With regard to claim 1 of the '738 Patent, Metrom's claim charts only generally consider the MBTA's Technical Specifications for a GLTPS, which do not plausibly suggest that *the accused Piper GLTPS* meets any limitation. Dkt. 2 at 19-25, 28-31 (reciting allegations for multiple limitations regarding "[t]he GLTPS as specified by the MBTA"). Indeed, nowhere do Metrom's allegations point to even a single fact regarding what the purported Piper GLTPS *actually* does, let alone how it plausibly meets any of the requisite claim limitations. *See id.* The MBTA specifications on which Metrom entirely relies do not plausibly suggest infringement of any limitation, let alone all of the limitations. If the specifications plausibly suggest anything at all, the most they could purportedly suggest is what the MBTA asked for at a particular point in time – not whether the Piper GLTPS actually satisfied them, whether they changed, or were implemented by Piper in a different way that would not meet the claim.

Other than its entirely insufficient reliance on the MBTA's purported specifications, Metrom's only other allegation as to nearly every single limitation of claim 1 of the '738 Patent is that Metrom "believes, or believes it will likely have evidentiary support after a reasonable opportunity for discovery" that the accused Piper GLTPS purportedly meets the limitation. Dkt. 2 at 19-25 (relying only on its purported belief regarding what discovery will *likely* show for every limitation except the limitations requiring the vehicle-mounted subsystem be configured to "observe operation of the vehicle to evaluate compliance with the rule"). Merely asserting that

5

discovery will (hopefully) reveal information plausibly supporting infringement is purely speculative and insufficient to plead a plausible claim for relief. The Supreme Court's "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545. Thus, Metrom's attempt to rely on its mere *belief* that potential future discovery might reveal infringement is not permissible. *See, e.g., DataWidget, LLC v. Rocket Sci. Grp. LLC*, No. 1:20-cv-02961-SDG, 2022 WL 671527, at *3-4 (N.D. Ga. Mar. 7, 2022) (dismissing patent infringement count under Rule 12(b)(6) where plaintiff "only speculates as to how [defendant]" infringes and noting that, although the plaintiff "can do little more than speculate when it has no insight into [defendant's] operations, and that it is difficult to gain such insight without the access afforded by civil discovery," "allowing this case to proceed based on assumptions would impermissibly lower the pleading standard"); *see also McCloskey v. Mueller*, 446 F.3d 262, 271 (1st Cir. 2006) ("[P]laintiffs should not be permitted to conduct fishing expeditions in hopes of discovering claims that they do not know they have.").

There is only limitation of the '738 Patent's claim 1 of the '738 Patent where Metrom does not state that it "believes it will likely have evidentiary support after a reasonable opportunity for discovery" – but here, too, Metrom fails to plead sufficient facts. Specifically, Metrom fails to make any allegation whatsoever that *the accused Piper GLTPS* satisfies the limitation requiring that the vehicle-mounted subsystem be configured to "observe operation of the vehicle to evaluate compliance with the rule." *Id.* at 23. This failure to plead sufficient facts is fatal to Metrom's claim for infringement of the '738 Patent. This, in addition to the deficiencies regarding Metrom's mere reliance on hope that potential future discovery might reveal infringement as to the remaining limitations, instead of any factual basis plausibly suggesting infringement by the accused Piper

6

GLTPS, show that Metrom fails to plausibly plead that the limitations of the asserted claims are met.

### B.  Metrom's Count II (Alleged Infringement of '131 Patent) Should Be Dismissed

Metrom's allegations regarding the '131 Patent are even more deficient. Metrom's allegations for at least four of claim 17's limitations do not even allege facts regarding the MBTA's purported specifications, instead relying *entirely* on conclusory, speculative allegations that Metrom "believes, or believes it will likely have evidentiary support after a reasonable opportunity for discovery" that the Piper GLTPS will meet the limitation. Dkt. 2 at 28-31 (relying only on "a reasonable opportunity for discovery" to meet at least the following limitations: "transponder sensor module," "a first wireless communications antenna operable to send and receive data representing the separation distance over the air," "a global positing system unit…," and "a control electronics module…"). As with its '738 Patent allegations, Metrom's mere belief that discovery might reveal infringement in the future is not enough. *Twombly*, 550 U.S. at 545; *DataWidget*, 2022 WL 671527 at *3-4. Thus, Metrom's allegations as to the '131 Patent are wholly deficient, do not plausibly suggest that the accused Piper GLTPS infringes at all, and fall far short of plausibly showing infringement.

Metrom's allegations as to the '131 Patent are additionally deficient and should be dismissed because Metrom cannot and does not plausibly allege that the accused Piper GLTPS meets a specific limitation: "a first wireless communications antenna operable to send and receive data representing the separation distance over the air." Dkt. 2 at 29-30. All claim limitations must be met, but Metrom simply ignores what the PTAB has clarified a product must do to meet this limitation. In allowing claim 17 to survive in its Final Written Decision in the *inter partes review* of the '131 Patent, the PTAB narrowly interpreted this limitation to require that the first wireless

communications antenna actually transmit the separation distance to the other car, which Metrom cannot possibly show for infringement and in fact fails to present any evidence of in its claim charts. *See* Cunningham Decl., Ex. A at 63-64 (Final Written Decision); *see also* Request. Metrom ignore's the PTAB's Decision, and fails to plead any facts plausibly suggesting that the Piper GLTPS has a first wireless communications antenna that transmits the separation distance to the other car. Rather, Metrom's only allegations as to this element are that Piper tags "use of Time of Flight (ToF) calculations to determine precise distances" and "including UWB antennas and a UWB radio." Dkt. 2 at 29-30. But the PTAB expressly explained that calculating using time of flight and UWB are not sufficient to meet this limitation, and Metrom's allegations do not plausibly suggest that the Piper tags (or anything else) actually transmit a separation distance to the other car as the PTAB required. Metrom's infringement claim for the '131 Patent should also be dismissed on this additional, independently sufficient basis.

      **C.**    **Metrom's Conclusory Doctrine of Equivalents Pleadings Cannot Save Its Complaint**

Finally, Metrom's doctrine of equivalents allegations cannot save its deficient Complaint. Both of Metrom's infringement counts in the Complaint merely allege that the "Piper GLTPS will infringe … either literally *or by equivalence*, either alone or as installed in the MBTA system." Dkt. 2. at ¶¶ 74, 87 (emphasis added). Other than this conclusory, boilerplate language, the Complaint fails to make any allegation from which a reasonable inference could be drawn that there is infringement under the doctrine of equivalents. Without plausible factual allegations as to infringement under the doctrine of equivalents, the Court should dismiss Metrom's claims on this additional basis as well. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1354 (Fed. Cir. 2018) (sufficiency of pleading infringement under the doctrine of equivalents is subject to the *Twombly/Iqbal* standard).

8

V.  CONCLUSION

For the foregoing reasons, this Court should dismiss Metrom's Complaint in its entirety.

Date: July 23, 2025                          /s/ Payal Salsburg
                                             Payal Salsburg, BBO# 568812
                                             LAREDO, SMITH & KANE, LLP
                                             101 Federal Street, Suite 650
                                             Boston, MA 02110
                                             salsburg@laredosmith.com
                                             (617) 443-1100
                                             (617) 443-1174 (fax)

                                             *Counsel for the MBTA*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, July 23, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                             /s/ Payal Salsburg
                                             Payal Salsburg